

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James A. Kilday
Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1870
Re: Whether common carrier
certificate or contract
carrier permit should be
issued to Wald Transfer
& Storage Company, Inc.

Your letter of January 15, 1940, concisely sets forth the facts concerning which you request our opinion and we therefore copy the same in full:

"Wald Transfer & Storage Co., Inc. had been engaged in the business of transporting freight for hire by motor trucks since 1914. Under the Old Law (Acts 1929, 41 leg. p. 698, C. 314) placing the regulation of such business under the jurisdiction of the Railroad Commission, Wald operated under a Class "B" permit (Contract Carrier). After the law was amended in 1931 (Acts 42 Leg. p. 480, c. 277), commonly called the New Law, Wald had filed, at the same time, before the Railroad Commission an application for a Common Carrier Certificate and an application for a Contract Carrier Permit. These applications covered the same operations, and were evidently so filed so that the Railroad Commission could grant whichever right, if any, to which applicant's operations entitled it.

"On the 29th day of March, 1934, the Railroad Commission, acting on the application for a contract carrier permit, granted the same. On December 19, 1934, the Railroad Commission issued two separate

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. James W. Kilday, Page 2

orders, one denying the contract carrier application
and the other denying the common carrier application.
Wald appealed to the District Court of Travis County,
Texas, from the order denying the contract carrier
application, on the ground that the Railroad Commission
had, on March 29, 1934, issued a valid order granting
a contract carrier permit to Wald. In this contention,
Wald was sustained. Smith vs. Wald Transfer & Storage
Co., Inc., 97 S. W. (2d) 991.

"Wald's operations were interstate, and when the
Federal Motor Carrier Law was passed, Wald applied to
the Interstate Commerce Commission, also, in the
alternative, for a Contract Carrier Permit or a Com-
mon Carrier Certificate. The Interstate Commerce
Commission granted to Wald a Common Carrier Certifi-
cate.

"Wald has, since 1935, been operating under the auth-
ority of the injunction of the Travis County District
Court and its Federal certificate. The Railroad Commis-
sion is now willing to issue to Wald its contract car-
rier permit and truck plates. Wald is willing to
submit to the police power of the Railroad Commission
but contends that as his operations have been interstate
the Railroad Commission's authority was always limited
to the question of the use of Texas roads by Wald and
only incidentally, if at all, to the character of his
service. He contends further that the Interstate Com-
merce Commission has jurisdiction over the character
of his service, and having found that he is a common
carrier; and the Railroad Commission and the Courts
of this State having found that he is entitled to
use the highways, then the Railroad Commission should
issue to him, as evidence of his right to use the
highway, a common carrier certificate and common
carrier plates.

"Question: Should the Railroad Commission under
the facts above set forth as authorization for the use
of the roads issue to Wald a common carrier certificate,
or should it issue a contract carrier permit?"

In the case of Thompson vs. McDonald, 95 Fed. (2d) 937,
certiorari denied, it was held that the motor carrier act of
1935 passed by the 74th Congress had not superseded Article 911b,

Hon. James A. Kilday, Page 3

Vernon's Civil Statutes, being the Texas Common Carrier Motor Carrier Law, insofar as the power of the Railroad Commission of Texas to investigate and pass upon the sufficiency of the particular highway to stand the added traffic burden is concerned. The Austin and Waco Courts of Civil Appeals have followed the holding of the McDonald case in a number of cases, in some of which writs of error were denied. While the Railroad Commission is without jurisdiction to inquire into the question of convenience and necessity upon the filing of an application for a certificate or permit to do purely an interstate business, it still lies within the sound discretion of the Railroad Commission to grant or deny such a certificate or permit depending upon the condition of the particular highway sought to be used in such operation. From the facts outlined by you, it appears Wald Transfer & Storage Co. Inc. received from the Railroad Commission a contract carrier permit. That thereafter the Railroad Commission attempted to rescind the order granting the permit. The Court of Civil Appeals held that the latter order was void, leaving the order granting the permit in full force and effect. The judgment of the court was such as to permit him to thereafter operate under such permit. The granting of the contract carrier permit carried with it a finding that the highways would stand the added traffic burden which would follow from the operation of the permit. A common carrier motor carrier certificate is a broader authority than a contract carrier permit and would authorize a heavier burden upon the highways. The Railroad Commission having granted to Wald Transfer and Storage Company, Inc. only the authority to use the highways sufficiently to fulfill the contracts involved in the application and permit and the courts having done no more than to confirm that permit it follows that such concern has never obtained from the Commission or from the courts any authority to expand his use of the highways from that of a contract carrier to that of common carrier. The action of the Interstate Commerce Commission in the premises has no legal bearing upon the question. The operator has a contract carrier permit. No objection is seen to the granting of another permit identical with that one for the purpose of confirming the same. However, the Commission should not issue to the concern a common carrier certificate except and unless it be upon another and different application.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:N   APPROVED JAN 31, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN